CASE 78—DIVORCE—JAN. 9.

# Williams v. Williams.

APPEAL FROM KENTON CIRCUIT COURT.

1. COURTS OF CONTINUOUS SESSION—CONTROL OVER JUDGMENTS—DIVORCE.
   The Kenton Circuit Court, a court of continuous session, had
   no power to enter an order in November, 1898, setting aside a
   final decree dismissing an action for divorce rendered Decem-
   ber 20, 1897, although a motion to set aside the decree had been
   made within sixty days and continued from time to time.
   Such a motion was not a motion for a new trial and if it could
   be so considered it was not made within fifteen days.

2. APPEALS—MOTION TO SET ASIDE VOID ORDER.—A motion to set aside
   a void order as a condition precedent to an appeal is not necessary
   where the party against whom it was made was in court object-
   ing to its entry.

ORLANDO P. SCHMIDT FOR APPELLANT.

1. The judgment of December 20, 1897, which was rendered by
   Judge Perkins and which finally dismissed the petition, is fully
   sustained by the proof.

2. The motion to set aside this judgment can not be considered,
   because it was not filed within the statutory period of fifteen
   days after the rendition of the judgment.

3. Besides, being too late in time, the motion for a new trial was
   not supported by written grounds filed at the time of making the
   motion, as required by section 343 of the Civil Code.

4. The lower court lost all control over the judgment of December 20, 1897, at the expiration of sixty days from that date, that is, on and after February 18, 1898, and the motion to set aside the judgment, which was filed on February 14, 1898, not being filed in time, could not operate to extend the statutory period during which the lower court retained such control over the judgment.

5. The present judge of the circuit court could not properly preside in this action, because, as shown by the affidavit on file, he had acted as attorney and counsellor for appellee in matters and issues involved in this action.

6. It was error on the part of the present judge to refuse to vacate the bench when the original affidavit of appellant stating that he would not afford him a fair and impartial trial, and assigning his reasons therefor, was filed herein. Massie v. Com., 93 Ky., 588; German Ins. Co., v. Landram, 88 Ky., 433.

7. It was error on the part of the lower court to require appellant to file an additional affidavit or to force him, by compulsory process, to file exhibits and records in this case as parts of said amended affidavit, which exhibits and records were originally designed to reflect upon appellant's moral character and render him *persona non grata.*

8. It was error on the part of the lower court to attempt to force appellant to discredit the facts set out in his affidavit by the filing of records of this nature belonging to other cases pending or determined in other courts, and in no way connected with the questions in issue in this case. As argued above, after appellant had filed, in addition to the affidavit required by section 968, Kentucky Statutes, the specific reasons required by the decision of this honorable court rendered by Judge Pryor, he had gone to the extreme limits of the law, and we feel satisfied that this honorable court, as now constituted, will never consent to stretch the limits any farther.

9. It was error on the part of the lower court to overrule appellant's motion for the election of a special judge, as required by law.

10. It was error on the part of the lower court to attempt to set aside the judgment of December 20, 1897, almost one year after it had been rendered, and long after it had become absolute.

11. It was error on the part of the lower court, after an appeal had been granted from this order, and after a supersedeas bond had been executed and accepted by the clerk of the lower court, and after a supersedeas in due form of law had been granted by the clerk of the lower court and had been issued and served on ap-

[82]

pellee and her attorneys, to attempt to set aside the order grant-
ing this appeal.

12. We contend that under section 734, Civil Code, an appeal from a
judgment of the circuit court must be granted by the lower
court to a party as a matter of right. Louisville Industrial
School of Reform v. City of Louisville, 88 Ky., 592.

13. It was error on the part of the lower court to entertain any
motion, make any orders, or render any judgments, after the
supersedeas had been granted by this court, and that the so-
called judgment of February 10, 1899, and so far as it attempts
to re-try the case, and to grant a divorce and alimony, &c., is
altogether null and void, and therefore unenforcible.

H. D. GREGORY and CECIL PENCE for appellee.

1. The application to set aside the judgment made in February,
1898, was sufficient as an application for a new trial. Helm v.
Coffey, 80 Ky., 176; McCormick Harvesting Machine Co. v.
Martin, &c., 21 Ky. Law Rep., 309. It was not necessary that this
motion should have been made within fifteen days. The case
at bar is not an equitable action within the contemplation of
that   act   because   there   is   not   a   single   equitable
question involved that would give a court of equity jurisdiction.
Section 2017, Kentucky Statutes, does not make divorce proceed-
ings equitable actions, but simply throws upon courts having
general equity jurisdiction the authority to grant divorce under
certain conditions. 5 Am. & Eng. Ency. of Law, 761-4.

2. The power to vacate its judgment is a power inherent in courts
and extends fully to judgments of divorce. 5 Am. & Eng. Ency. of
Law, p. 844. And unless the power is taken away or limited by
statute, it is not limited during the time at which the decree is
entered. 5 Am. & Eng. Ency. of Law, 844; Ficener v. Ficener,
8 Ky. Law Rep., 867; Carroll's Code, sections 772, 819.

3. It was within the sound discretion of the court to permit an
application for a new trial after the time limited by statute if
the party applying was unavoidably prevented from making it
within the time. Chess v. Cooper, 9 Ky. Law Rep., 399.

4. The application to set aside the judgment having been made
within the sixty days from the rendition of the judgment, it
was within the power of the court to continue the motion from
time to time, and the judgment was meanwhile suspended. Har-
per v. Harper, 10 Bush, 447; Schlosser v. Murnan, 20 Ky. Law
Rep., 1468.

5. The application compelling the judge to vacate the bench was
insufficient. The record disclosed the fact that the statements
of the affidavit for the same were not true. Under these circum-

Williams v. Williams.

stances, it was not incumbent upon the regular judge to vacate
the bench.  German Ins. Co., v. Landram, 88 Ky., 440.

6. Before appellant can maintain his appeal from a void judgment
he must make a motion to set it aside.  Civil Code, section 763.

7. As to what is a final judgment or order:  Pope v. Cain, 8 Ky.
Law Rep., 354; Eubank v. Eubank, 7 Ky. Law Rep., 294; Robinson
v. Scott, 3 Litt., 233; McCall v. Hitchcock, 7 Bush, 616; Kennery's
admrx. v. L. & N. R. R. Co., 21 Ky. Law Rep., 532.

8. The court did not err in setting aside the judgment rendered in
December 1897.  Boyse v. Lindenberger, 6 Ky. Law Rep., 510;
Robinson v. Scott, *supra;* McCall v. Hitchcock, *supra;* Civil Code,
section 520.

The remainder of counsel's brief is devoted to a discussion of
the merits of the decree of divorce, upon which counsel cited:
Evans v. Evans, 14 Ky. Law Rep., 628; Beall v. Beall, 80 Ky., 675.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the 26th of December, 1896, the appellee instituted
suit in the Kenton Circuit Court against the appellant
seeking to obtain a divorce, alimony and the custody of
Viola May, daughter of appellant and appellee.

The appellant made defense to the action, and, after the
case was prepared for trial, the same was submitted in
May, 1897; and at the December term, 1897, December 20th,
the court filed an opinion, and adjudged the action be dis-
missed, and that the then plaintiff, now appellee, recover
of defendant her costs, including $150 now allowed to the
plaintiff's attorney.

The opinion is lost from the papers, according to the
statement of the clerk; hence we are not advised as to the
reasons for the judgment aforesaid.

It seems that the term of the judge who rendered the
judgment expired about the first of January, 1898, and
that another judge succeeded him.

On the 14th of February, 1898, the appellee, then plain-
tiff, caused to be entered the following motion: "The
plaintiff moves to set aside the judgment herein." On
the 7th of March, 1898, said motion was continued, and

likewise on the 9th, 14th and 21st of March, 1898, similar orders were made.

On March 23, 1898, the defendant filed an affidavit showing, or attempting to show, that the then judge of the court would not afford him. a fair and impartial trial. Various other motions and papers were entered and filed with reference to said first motion and affidavit.

On June 27, 1898, a motion for a special judge was overruled.

On the 5th and 6th of July, 1898, the plaintiff filed certain affidavits, which we presume were intended to be used in support of the motion made February 14, 1898.

On November 3, 1898, the following order was entered: "The motion to set aside the judgment heretofore rendered herein is sustained, and said judgment is now set aside. Defendant excepts."

On the next day the defendant prayed an appeal to the Court of Appeals from the order of the day before overruling the motion for a special judge and setting aside the judgment herein. Said appeal was granted.

It appears that the defendant executed a supersedeas bond, upon which a supersedeas was issued and executed.

On February 10, 1899, the order granting the appeal aforesaid was set aside; and on the same day a judgment divorcing the plaintiff from the defendant was entered, and the custody of Viola May Williams; infant child of the marriage, was awarded to the plaintiff, and the defendant adjudged to pay plaintiff, by way of alimony and for maintenance of said child, the sum of $50 per month in advance. The attorneys for plaintiff, Gregory and Cecil Pence, were allowed $150 for their services to plaintiff, to be paid by defendant, to which the defendant excepted.

It seems that certain property had been conveyed to plaintiff by defendant, but it seems that the court refused to restore the same to him.

From the judgment aforesaid, this appeal is prosecuted.

It will be seen from the foregoing that the circuit court, presided over at the time by Judge Perkins, had fully considered this action, and rendered a judgment therein upon the merits, and the case was no longer pending in court.

It is the contention of appellant that the court had no power to set aside the judgment rendered December, 1897, at the time nor in the manner that it attempted to do so.

It is the contention of appellee that the Kenton Circuit Court was by law authorized, for the period of sixty days, to set aside any order which had been made by it.

It may be conceded that a court has power to set aside its orders during the term in which they were made; and it is also true that, in courts of continuous session, like the Kenton Circuit Court, sixty days is considered a term, for the purpose of exercising the power aforesaid.

It is, however, contended for appellant that the judgment of December, 1897, could not be set aside, except as provided by section 997, Kentucky Statutes, which reads as follows: "Any applications for a new trial in an equitable action or proceeding, except for newly discovered evidence, shall be made in fifteen days after judgment is rendered; and if the application be for cause mentioned, it shall be made as provided by general laws as to courts having terms, sixty days being counted as a term."

It can hardly be contended that the motion made February, 1898, can be treated as a motion for a new trial,

and, if it could be, it was not within fifteen days from the rendition of the judgment.

It will be seen that the court did not sustain the motion, and set aside, or attempt to set aside, the judgment of December, 1897, until November, 1898, and it is the contention of appellant that the court had no power at that time, if it ever had such power, to set aside said judgment.

It is contended for appellee that the court had plenary power over all orders and judgments rendered by it for the space of sixty days from such rendition, and the motion to set aside the judgment in question had the effect to suspend said judgment until such time as the court decided on the motion to set aside.

If it be conceded that the circuit court of Kenton county, in February, 1898, had the same power over the orders of the said court that it would have had if there had been no change of officers, yet it seems to us that such power could only be exercised within the sixty days from the rendition of such judgment or order.

We are not of opinion that the entry of a motion to set aside the judgment, and a continuance from time to time, could have the effect to prolong the power of the court over such orders or judgments. A motion to set aside an order is essentially different from a motion or proceeding to obtain a new trial.

The question under consideration seems to have been decided in Turner v. Johnson (Ky.) [35 S. W., 924]. In that case a motion for a new trial had been overruled, and time given to file bill of exceptions. Afterwards, but at the same term, the court entertained a motion by appellants to reconsider the order overruling the motion

for a new trial, and reserved the consideration and decision of said motion until a succeeding special term of the court. No determination of the question was made until the November term, 1892, which was after the day fixed for filing the bill of exceptions at which time the court refused to set aside the said order, and extended the time for filing the bill of exceptions to a certain day, at which time the bill was filed and approved.

The appellee, in the case *supra*, insisted on his motion to strike the bill of exceptions from the record; it being his contention that the court had no power to set aside the order overruling the motion for a new trial after the term at which the order was made, and that the order of the court reserving the right to do so was a nullity, as was also the order of the November term, 1892, giving time to prepare and tender the bill of exceptions.

The contention of the appellant was that the action and order of the court at the May term, 1891, suspended the order overruling the motion for a new trial, and that the same so remained until the court acted on the motion to reconsider; hence that the bill of exceptions was legally filed and approved.

This court, in deciding the question involved in the case *supra*, said: "It is manifest that the learned judge of the court below was of the opinion that his action had the effect contended for by the appellants, and that he believed that he had the power to do so, and it is earnestly urged by appellants that we should so treat the order in question. It, however, seems clear to us that the order overruling the motion for a new trial was a final order, and that the court had no power over it after the expiration

of the term at which it was rendered, and that the attempt to reserve that power was unauthorized, and therefore, a nullity. It results, therefore, that appellee's motion to strike the bill of exceptions from the record must be sustained."

It seems to us that the case at bar is a much weaker case than the case *supra*.

See, also, Bristow v. Bristow, 21 Ky. L. R., —, [51 S. W., 819, 52 S. W., 818]. See, also, Bentz v. Bentz (decided January 6, 1900), [54 S. W., 715].

It is suggested for appellee that, if the court had no jurisdiction to render the judgment complained of by appellant, appellant is not entitled to prosecute an appeal until he had first moved to set the same aside on the ground that same was void. But inasmuch as appellant was in court, and at all times objecting and excepting to the orders and judgments complained of, he is entitled to prosecute this appeal.

It follows from the foregoing that appellee's motion to dismiss this appeal must be, and is, overruled. We are further of the opinion that the court below had no power to set aside the judgment of December, 1897, at the time it attempted to do so. It therefore necessarily follows that the court erred in rendering the judgment complained of.

Judgments appealed from are therefore reversed, and cause remanded, with direction to dismiss the proceeding, and for proceedings consistent herewith.