## Board of Education of the City of Ludlow v. Ritchie.

(Decided October 4, 1912.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Board of Education—Duty of City Attorney to Advise and Represent—Action by City Attorney Against for Services.—Under the provisions of section 3509 Ky. Stats., relating to cities of the fourth class, the council of the City of Ludlow, enacted an ordinance which provides that it shall be the duty of the city attorney to give advice in all matters to the board of education, and to attend to all suits to which the city is a party. Held, That at the time of the rendition of the service by appellee, he was the city attorney for Ludlow, and as such owed the duty performed by him to the board of education under the statute and ordinances of the city fixing his duties, and for the duties performed as such city attorney appellee is confined to the compensation fixed by ordinance, since the services by ordinance include legal services to the board of education, as well as services to the city proper.

2. Board of Education—Action to Recover for Services Rendered Board—Pleading.—The amended answer setting up the duty of appellee to the board of education constituted a complete defense to the action to recover for services, and it was error in the trial court to refuse to allow it to be filed.

B. F. GRAZIANI, HERBERT JACKSON for appellant.

MACKOY & MACKOY for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

In 1895 the Board of Education of the city of Ludlow made a contract with one C. Charles Grosse for the erection of a public school building. After Grosse had partially performed under the contract he defaulted in the construction; thereupon a litigation arose between Grosse and the Board of Education. Numerous subcontractors filed their liens and instituted litigations to enforce them. These suits were ultimately consolidated.

An arbitration was had whereby it was determined that the amount due the contractor for the work done by him was $3,800.   In all these litigations up to the time of the consolidation and after, the Board of Education was represented by the appellee, Ritchie.   On November 15, 1900, Ritchie filed his suit in the Kenton Circuit Court against the Board of Education, seeking to recover $1,000 for attorney's services in the matters named.   The account presenting his bill was made up of fifteen separate items of service, aggregating $1,000. Upon his motion and over the objection of the defendant the case was transferred to the equity docket and referred to the master commissioner.   The defendant moved for a jury trial, but his motion was overruled. The case dragged along for ten years; when the commissioner made his report, finding in favor of Ritchie in the sum of $1,000, the full amount of his claim.   Exceptions were filed and overruled; whereupon judgment was rendered conforming to the commissioner's report. The Board of Education appeals here.

The appellant urges for a reversal that Ritchie, at the time of the rendition of the service, was the city attorney for the city of Ludlow, and as such owed the duty to and did perform the services to the Board of Education under the statute and ordinance of the city fixing his duties and under the compensation provided by the statute and ordinances for his services generally to the city public.   With this position we agree.   It will not be necessary to discuss appellant's other grounds of complaint.

So much of section 3509 of the Kentucky Statutes as is necessary to set out the duties of the city attorney in the fourth class city of Ludlow is as follows:

"The Board of Council as soon as they are organized under this charter, or as soon thereafter as practicable, and biennially thereafter, may appoint a city attorney who shall prosecute all pleas of the Commonwealth and all warrants or proceedings instituted for violations of the ordinances or municipal regulations of the city in the city court. * * * * The Board of Council shall fix by ordinance previous to his election or appointment the compensation for his services. * * * * * It shall be the duty of the city attorney further to attend the meetings of the Board of Council, advise it in all matters of litigation or legal proceedings, and perform

such other duties in his department as the Board of Council may require."

It will be observed that the statute gives to the city council the right to require of the city attorney such other duties as the council in its judgment might see fit to require of him. Under the authority thus given, the council, on July 4, 1894, enacted an ordinance enlarging and specifying more particularly the duties of the city attorney. That ordinance is as follows:

"That in addition to the duties prescribed in charter in section 27, section 48, section 71, it shall be the duty of the city attorney (a) to give legal advice to the mayor and other officers, and the various city boards, if any, and the board of education, in all matters pertaining to their respective offices and duties affecting the interests of the city, and if so required or asked, which advice or opinion shall be in writing for future reference; (b) to prepare the contract, order and bonds and all legal documents of and by and with and for the city, when required to do so by the city council; (c) to attend to all suits now pending or hereafter to be brought, to which the city is a party, and for all services of an extraordinary character which he may be called upon to render for the city as its attorney he shall receive such an additional fee as he and the city council may in each instance agree upon and not otherwise; (d) to advise the city council and the officers of the city, and the various boards of the same, of his own motion and without instruction, if, in his judgment, there is error about to be committed or the best interests of the city to him seem to require such advice and counsel."

In this ordinance it will be observed that it was specifically required of the city attorney that he should advise the Board of Education in all matters pertaining to their offices and duties. In construing this section this court, in the case of the City of Ludlow v. Ritchie, 25 Rep. 1582, said:

"The word advise is used here in its broad sense. The meaning is, he shall be the legal adviser of the council in all matters of litigation and legal proceedings, and in defining the duties which are required of him in his department the council may properly include attention to litigation as to which it is his duty to advise it. In other words, it is left to the discretion of the

'board of council in the fourth class cities to determine what duties in his department shall be required of the city attorney. The reason for this is obvious. The needs of the city, the character of the litigation, the experience of the attorney, and other considerations, would determine the council in its action according as the public interests required, and his compensation would be fixed by the council according to the duties required of him. The rule of strict construction is not to be applied to such a statutory provision, but, on the contrary, is to be liberally construed so as to promote its objects. (Kentucky Statutes, section 460.) As between a municipality and its officers, the charter defining the duties of the officers and regulating their compensation is to be construed in case of doubt to protect the treasury of the city, for claims against the treasury of the city cannot be sustained on doubtful implication.''

It is earnestly insisted for the appellant that this ordinance goes only so far as to say that the city attorney should give the Board of Education advice about its duties from time to time and does not embrace any requirements that he should look after the litigations of the Board of Education. As indicated in the quotation from the City of Ludlow v. Ritchie case, the word ''advise'' should be used and considered in its broad sense, and it was held in that case that he should be considered the legal representative of the council in all matters of litigation and legal proceedings. If the case were rested upon this consideration alone, therefore, under the declaration of that case, the requirement that he should advise the Board of Education would include the duty of advising it in and acting for it in its litigations. But the ordinances of the city do not stop with the ordinance last quoted. On December 2, 1895, the council adopted an ordinance which provided that ''the salary of the city attorney be fixed at $300 per year and that his services should include all legal and other business of the city coming under his jurisdiction.'' This ordinance was adopted before the beginning of Ritchie's second term as city attorney and before the rendition of the services for which compensation is sought. Now, by the ordinance of July 5, 1894, above set out, a part of the legal and other business of the city *coming under his jurisdiction* was the service to be rendered to the Board of Education, as set

out in that ordinance. Undoubtedly, therefore, service to the Board of Education came under the jurisdiction of the city attorney. It follows that the salary-fixing ordinance which provided that $300 per annum should be full pay for all legal services coming under the city attorney's jurisdiction embraced his legal services to the Board of Education, a part of the duties devolving upon him. This same general question was up for discussion in the case of City of Ludlow v. Ritchie, supra, where it was held, construing the statute and ordinances above set out, that for attention to suits for the city, the city attorney was confined to the compensation of $300 per annum, fixed by the last ordinance. Since, as we have seen, the services of the city attorney were by ordinance declared to include legal services to the Board of Education, as well as services to the city proper, the decision of this court in the City of Ludlow case is conclusive upon us here.

The case of Board of Education of Lexington v. Moore, 114 Ky., 640, is enlightening upon the question under consideration. In this case the facts were that by section 3225 of the Kentucky Statutes the treasurer of the city of Lexington was made treasurer of the Board of Education there. Prior to the time of the city treasurer's election his salary was fixed by ordinance of the general council. At a later time, and after his induction into office, the Board of Education attempted to pay him an extra compensation for his services as its treasurer. This court held that the salary paid him by the city was his entire pay for services as treasurer both to the city and the Board of Education. In the case at bar the council, in pursuance of a power expressly conferred upon it, had imposed upon the city attorney the duty of acting as legal adviser to the Board of Education. It was as much his duty to render this service as it was the duty of the treasurer of Lexington to act as treasurer of the school board. In this case, as in that, therefore, the compensation provided under the ordinance fixing his entire pay for all services devolving upon him under his jurisdiction as city attorney, must be considered as in full of all his services of a legal nature rendered to the city. The case of Slayton, &c., v. Rogers, 128 Ky., 106, does not establish any contrary principle. In that case it was specifically remarked that the services of the county

attorney, for which special compensation was allowed, were of a nature outside of and independent of his official duties. We are not unmindful of the fact that the Board of Education is a body corporate, and that by section 3588 of the Kentucky Statutes is was given power to contract and be contracted with, and to sue and be sued. But it must be remembered that the indebtedness of the Board of Education must finally be met by a tax levied upon all of the property in the city. While it is true that the Board of Education of the City of Ludlow had the right to contract and be contracted with and sue and be sued, its contract obligations must ultimately be met by assessments upon the properties of the taxpayers of the city. The members of the general council are the officers of the city who must care for its obligations, and upon whom devolves the duty of financing the city's affairs. In enacting the ordinances, supra, and in providing that the city attorney should discharge the duties of counsel to the Board of Education, under the one salary, the board of council was providing and caring for an expense which ultimately must fall upon the taxpayers of the city, of the financial affairs of which it had sole charge. It was a wise and entirely proper exercise of their power and their duty to provide for and to limit the expenses to which the taxpayers of the city might be subject. Undoubtedly the board of council must have had this very thing in mind when it enacted the ordinance determining that the duties of the city attorney should extend to and embrace legal services to the Board of Education. It seems equally apparent from the record that the Board of Education did not contemplate a payment to the city attorney for his services to the board. Throughout its minutes, which are in evidence, its every reference to its counsel is not to the board's attorney, nor to Mr. Ritchie by name, but is always a reference to "the city attorney." One of the members of the board testifies that on one occasion Mr. Ritchie submitted a communication, touching some of these matters, to it, signed by him merely as "attorney," and that the letter was not received by the board until it had been returned to Ritchie and by him signed as "city attorney." The appellee relies upon a resolution of the city council of December 17, 1896, to the effect that the city attorney be retained to represent this board in all matters pertain-

ing to its interests. There is something of force in the appellee's position as to a possible construction of this ordinance; but it will be noted that the ordinance did not retain Mr. Ritchie by name; and, when properly weighed, seems to indicate nothing more than that the board legally ratified the appearance of the city attorney for it. The appellee further relies upon the fact that the minutes of the Board of Education disclose that on December 21, 1896, some four days after the resolution above pointed out was adopted, the city attorney was notified to appear before the board at its next regular meeting, to define his position toward the board regarding its legal affairs; and that in response to this the city attorney did appear on January 4, 1897, and stated that he expected a reasonable compensation for his legal services, except that in the ordinary affairs of the board at times requiring advice or consultation, he felt it his duty to act without compensation as a public spirited citizen taking an interest in local affairs. No further action seems to have been taken upon this matter. The resolution and response to it indicate no more than that the controversy, which has now reached its climax, was already in its incipiency. So far as the city attorney indicated that in giving advice or consultation he would act as a public spirited citizen, he was manifestly in error; for, beyond all question of doubt, it had been made his duty, by the ordinance of July 5, 1894, to advise the board. The position taken by him, therefore, in his response to the board, was manifestly erroneous.

In an amendment filed on Februray 16, 1901, to the original answer, the defense above discussed was made by the Board of Education. Later this amended answer was stricken from the files upon the plaintiff's motion. As has heretofore been pointed out, the case was greatly delayed in preparation. At the end of its preparation, and in December, 1909, the defendant tendered another amended answer, setting up and pleading the same defense. The trial court refused to permit it to be filed and the defendant excepted. The pleading is made a part of the record. Since the original pleading, which was stricken from the files, and the amended pleading which was not permitted to be filed, constitute a full and complete defense as above held, it was error in the trial court

to refuse permission to file the amended answer setting up this defense.

For the reasons given the judgment of the trial court is reversed and cause remanded.