## FITZGERALD v. FITZGERALD.
### (No. 7977.)

(Court of Civil Appeals of Texas. Ft. Worth. May 16, 1914.)

1. EXCEPTIONS, BILL OF (§ 31*)—APPROVAL—QUESTIONS REVIEWABLE — DENIAL OF MOTION FOR JUDGMENT NUNC PRO TUNC.

Denial of motion for judgment nunc pro tunc will not be reviewed where the record contains no bill of exception approved by the trial judge, but contains only a bill of exception ordered filed as a part of the record but not approved because incorrect.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 36; Dec. Dig. § 31.*]

2. DIVORCE (§ 93*)—GROUNDS—CRUELTY—PETITION—SUFFICIENCY.

The allegation of a petition for divorce on the ground of cruelty that defendant was guilty of many other excesses, outrages, and cruel treatment, so as to render the future living together of the parties insupportable, following acts of cruelty specifically alleged, is too general to put defendant on notice of what he is called on to answer.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 292–307; Dec. Dig. § 93.*]

3. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR—ERRONEOUS FINDINGS.

Where findings of fact sustained by evidence support the judgment, it is immaterial whether the court in making other findings considered testimony heard on a former trial without any proof on the trial of the former testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

4. APPEAL AND ERROR (§ 206*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE.

The admission of the testimony of witnesses called by the court on its own motion is not reviewable, where no objection was urged to the testimony at the time of its introduction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1273, 1283–1289; Dec. Dig. § 206.*]

5. DIVORCE (§ 116*) — GROUNDS — CRUELTY — EVIDENCE—ADMISSIBILITY.

In a suit by a wife for divorce on the ground of cruelty in the making of charges against her, evidence of the wife's bad reputation for chastity was admissible on the issue whether the charges made by the husband so wounded her feelings as to render further living with him insupportable.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 379–385; Dec. Dig. § 116.*]

6. DIVORCE (§ 124*) — EVIDENCE — SUFFICIENCY.

Under Rev. St. 1911, art. 4633, providing that, before a divorce can be granted, the proof must be full and satisfactory, a divorce is properly denied, where the only testimony consisting of the testimony of a wife and of her mother and grandmother is not full and satisfactory.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 392–398, 450, 455, 456; Dec. Dig. § 124.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Lada F. Fitzgerald against C. G. Fitzgerald. From a judgment denying relief, plaintiff appeals. Affirmed.

R. S. Phillips, of Cleburne, for appellant.

DUNKLIN, J. Lada F. Fitzgerald instituted this suit for divorce from her husband, C. G. Fitzgerald, and, from a judgment refusing her petition, the plaintiff has appealed.

[1] The husband made no defense in the trial court and has filed no brief here. Several assignments of error are presented to the refusal of plaintiff's motion for a judgment nunc pro tunc. According to allegations contained in the motion, on a prior day of court plaintiff's petition for divorce was presented, at which time the trial judge heard evidence and announced that the petition was granted, and a memorandum to that effect was entered upon the trial docket. According to further allegations in the motion, the judge later erased the order and directed the clerk not to enter the same upon the minutes, and this erasure was made not in open court nor in the courtroom. The statement of facts before us contains no showing of any such order entered upon the docket, nor any evidence supporting the allegations in the motion noted above. What purports to be a proposed bill of exception appears in the transcript reciting that the plaintiff offered proof to sustain the allegations in the motion and that the court refused to hear such proof. But appended to that document

is the certificate by the trial judge reading as follows:

"This bill of exceptions examined, and ordered filed as a part of the record in this case, but is not approved because it is incorrect and not true in fact."

The record contains no bill of exception of any character approved by the trial judge, and the foregoing is the only showing of any attempt to take a bill of exception. Hence, in view of the record, we must conclude that the allegations contained in the motion for a judgment nunc pro tunc were not sustained by proof, and therefore no error is shown in the order overruling the motion.

[2] Cruel treatment was the ground for divorce alleged in the petition. Certain acts of cruelty were specifically alleged. Following such allegations, the petition contained an additional allegation as follows:

"Plaintiff alleges and would show unto the court that the defendant was guilty of many other excesses, outrages, and cruel treatment towards her of such a nature as to render their further living together insupportable."

Error has been assigned to the conclusion of the court, in effect, that only such acts of cruelty as were specifically alleged were considered. This assignment must 'be overruled. The general allegation of other acts of cruel treatment, without alleging of what they consisted, the time and place of the occurrence, or any other facts which would put the defendant upon notice of what he was called upon to answer under those allegations, was too indefinite to be considered. Wright v. Wright, 3 Tex. 168.

[3] The court found that the defendant made certain charges against the plaintiff which were alleged as acts of cruelty, but further found that they did not produce in her mind any such sense of shame or indignation as was necessary to constitute a ground of divorce, and that such charges did not cause the separation, but that the defendant left the plaintiff on account of grievances claimed by him against her. The court further found that the answers of plaintiff and her witnesses were evasive, indefinite, and unsatisfactory, and that the evidence given on a former trial of the case conflicts with and contradicts the evidence on the last trial, and that the testimony of plaintiff and her witnesses was not full and satisfactory to the court and was not probably true. Complaint is made that the court considered testimony heard upon the former trial without any proof on this trial of what such former statements of the witnesses consisted. We find some testimony in the record as to what the plaintiff testified on the former trial, but do not find any showing in the statement of facts as to what the other witnesses testified on that trial. The determination of this question becomes immaterial, since other findings of fact by the trial judge amply support the judgment rendered. We are of the opinion further that the other facts so found by the judge are sustained by the evidence.

[4] Error has been assigned to certain findings of fact by the trial court based upon the testimony of a deputy sheriff and a policeman who were called to the witness stand by the trial judge, in effect, that the plaintiff's general reputation for chastity in the community in which she lived was bad. The proposition submitted under these assignments is, in effect, that the court should not on his own motion have called such witnesses to the stand, and that such proof was not admissible to affect the credibility of the plaintiff as a witness who was seeking a divorce on the ground of cruel treatment. A sufficient answer to these assignments is that no objection was urged to the testimony at the time it was introduced.

[5] Furthermore, we are of the opinion that the testimony was admissible for the purpose of determining what effect was produced upon the mind of the plaintiff by the alleged charges made against her by the defendant, which, according to the allegations in her petition, so wounded her feelings and pride as to render further living with the defendant insupportable.

[6] Under the statutes of our state, before a divorce can be granted, the proof must be full and satisfactory; and as it clearly appears from the findings by the trial judge that the testimony of the plaintiff, her mother and grandmother, which was the only testimony offered in support of the allegations in the petition, was not full and satisfactory, the refusal of the petition for divorce was proper. Revised Statutes, art. 4633; Ingle v. Ingle, 131 S. W. 241.

The judgment is affirmed.

SPEER, J., not sitting.