HARTMAN v. HARTMAN.  (No. 5703.)

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1916.)

1. DIVORCE ⏠25 — CRUEL TREATMENT — MOTIVE OF WIFE IN SUING.

Where a wife, as shown by her own testimony, sued for divorce not on account of her husband's cruel treatment, alleged in her petition, but because of his refusal to sell their home and move to some other community, she was not entitled to divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 61, 106; Dec. Dig. ⏠25.]

2. DIVORCE ⏠108—PLEADING—EVIDENCE.

In a wife's suit for divorce on the ground of cruel treatment, the husband need not answer at all to render it the court's duty to hear testimony showing that the wife has been guilty of similar acts of misconduct toward the husband, so that she is not entitled to divorce, since the rules of pleading applying in other cases do not apply to a defendant in a divorce suit in Texas.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 349–352; Dec. Dig. ⏠108.]

3. DIVORCE ⏠108 — PLEADING — ANSWER — EVIDENCE.

In wife's suit for divorce on ground of cruel treatment, husband's answer alleging facts as to wife's acts of cruelty toward him as justification of his conduct in having her tried on a charge of insanity, sufficiently pleaded such facts to admit evidence of the wife's cruel acts, if the answer in a divorce suit were to be tested by the general rules of pleading.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 349–352; Dec. Dig. ⏠108.]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Suit for divorce by Rozellia Hartman against William Hartman. From a judgment for defendant, plaintiff appeals. Judgment affirmed.

Snodgrass, Dibrell & Snodgrass, and Critz & Woodward, all of Coleman, for appellant. Woodward & Baker, of Coleman, for appellee.

KEY, C. J. [1] This is a divorce suit wherein judgment was rendered for the defendant, and the plaintiff has appealed. We have considered all the questions presented in appellant's brief, and have reached the conclusion that the judgment should be affirmed. The criticisms urged against the charge of the court are not regarded as tenable; nor do we think the court erred in refusing to give appellant's requested instructions. But if error was committed in any of the respects referred to, we are still of opinion that the judgment should be affirmed.

Appellant produced no other witness than herself to prove her allegations that her husband had assaulted and cursed and abused her; and it has been decided that, under such circumstances, the plaintiff should produce some corroborating testimony in order to obtain the decree of divorce. Lohmuller v. Lohmuller, 135 S. W. 751. But in this case appellee produced the testimony of many witnesses, most of whom were their children, directly contradicting appellant's testimony in the respect referred to; and, in allowing a bill of exception, the trial judge indicated his opinion to the effect that, under the testinony submitted, appellant was not entitled to a divorce. Our statute does not authorize a divorce except upon satisfactory proof, and it has been held that if the proof is not satisfactory the trial court should disregard the verdict of the jury and decline to grant a divorce. Moore v. Moore, 22 Tex. 237; Haygood v. Haygood, 25 Tex. 576. And it has also been held that the same rule applies on appeal, and that the appellate court has the same power in that regard as the trial court. Furthermore, appellant's own testimony shows that her real reason for seeking a divorce was not on account of the cruel treatment alleged in her petition, but was because of her husband's refusal to sell their home and move to some other community; and for that reason she is not entitled to a divorce. Dority v. Dority, 62 S. W. 106, and cases there cited.

[2, 3] We overrule appellant's contention that appellee had no right to prove that appellant had been guilty of similar acts of misconduct toward him. Appellant contends that appellee's answer was not sufficient to admit such proof, though it is admitted that he alleged such facts in his answer as a justification of his previous conduct in having plaintiff tried upon a charge of insanity. The rules of pleading which apply in other cases do not apply to a defendant in a divorce case in this state, and although he may not answer at all, it is the duty of the court to hear any testimony which would show that the plaintiff is not entitled to a divorce. Bostwick v. Bostwick, 73 Tex. 182, 11 S. W. 178. However, in this case we think the facts referred to were sufficiently pleaded by appellee, even though the answer should be tested by the general rule.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

⏠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes