## Western Union Telegraph Company v. Chas. C. Brent & Brother.

(Decided May 13, 1921.)

### Appeal from Bourbon Circuit Court.

1. Appeal and Error—Pleading—Amendments.—Owing to the failure of defendant's counsel to appear at a trial, judgment went by default; motion and grounds for new trial were filed the succeeding day by newly employed counsel. During the pendency of this motion counsel tendered an amended answer setting up a valid defense. In the order sustaining the motion for a new trial it was erroneously stated that the motion to file the amended answer was sustained. Defendant took proof upon the issue raised by the amended pleading; later the order sustaining the motion to file the amended answer was set aside. The second trial did not take place for more than a year after the amendment was tendered: Held, the refusal of the court to permit the amendment to be filed was an abuse of its discretion under Civil Code, section 134.

2. Telegraphs and Telephones—Interstate Commerce—Pleading.— Where, in the transmission of a telegraphic message from one city to another in the state, it becomes necessary to relay it through a neighboring state, this makes it an interstate message, and since Congress has taken possession of the field of interstate commerce by telegraph, thereby superseding state laws on the subject, the states are without authority to regulate telegraph business of an interstate character. Under such circumstances the company is entitled to plead these facts and to rely upon certain provisions of its contract limiting its liability for negligence in failing to deliver an unrepeated message.

EMMETT M. DICKSON and RICHARDS & HARRIS for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Damages growing out of an error in the transmission of a telegram to appellee is the relief asked in this action. Appellee was engaged in the buying and selling of dressed poultry. December 9, 1912, a customer at Hopkinsville, Ky., telegraphed appellee as follows:

"Will give you option thirty thousand pound shipment Friday Saturday same price subject answer eleven A. M. Wednesday. Stock Fancy."

The telegram as delivered to appellee on the following day after seven o'clock a. m. read:

"Will give you option thirty thousand pound shipment Friday Saturday same price subject answer *seven* A. M. Wednesday. Stock Fancy."

It is claimed that had the telegram been properly transmitted and appellee had an opportunity to accept the option it would have netted him a profit of $592.67, and this was the recovery sought. The error in transmission was admitted in the answer. The reply made up the issues and the case was assigned to November 19, 1917, for trial, on which date a default judgment was entered for the full amount sued for. On the following day (November 20) appellant filed its motion and grounds for a new trial. One of the grounds for this motion was accident and surprise due to the fact that appellant had employed counsel to represent it in this action and it had relied upon said counsel to be present at the trial and it had no knowledge that it was not so represented until after the verdict was returned and judgment entered. It later filed the affidavit of its general attorney, setting out in detail the circumstances relied upon in the motion. The facts fully justified the action of the lower court in sustaining said motion and in granting appellant a new trial.

In March, 1918, and before the court acted on the motion for a new trial appellant tendered and offered to file an amended answer. This amendment set out in detail the conditions of the contract under which the telegram was received and transmitted. Among other things it was alleged it was an unrepeated telegram for the mistake and delay in the transmission or delivery of which the company was not liable for a sum beyond the amount received for sending the message, to-wit: thirty-five cents. Also that it was an interstate message, and under

the act of June 18, 1910, the Congress of the United States had assumed charge of the regulation of the subject of interstate communications by telegraph, thus removing same from the field of state regulations or control, and further that the company would not be liable for damages in any case where claim was not presented in writing within sixty days after the telegram was filed with the company for transmission.

June 26, 1918, an order was entered sustaining the motion for a new trial and in said order it is recited that appellant's motion to file the amended answer was sustained and the case was assigned to a day for trial. Thereafter appellant proceeded to take depositions of several witnesses on the issue raised in the amended answer. The case was called for trial March 20, 1919, on which date an order was entered correcting the order of June 26, 1918, in so far as it purported to sustain the motion to file the amended answer; the motion to file this amendment was overruled, but the pleading was made a part of the record.   This second trial resulted in a judgment in appellee's favor for $568.61.   Many errors were urged for a new trial, but the motion was overruled and this appeal followed.

Without entering into the merits of the controversy we deem it sufficient to consider only the question of the court's failure to permit the amended answer to be filed. It is frankly admitted by counsel for appellant they understood that the circuit judge overruled the motion to file the amended answer, but they had nothing to do with the entry of the order; it was written and entered by appellee's attorney.   The amendment was tendered during the pendency of the first motion for a new trial, and more than a year before the action was called for trial.   It was within a reasonable time after the selection of counsel to take the place of the one previously employed and whose failure to be present at the first trial caused a default judgment to be entered in appellee's favor. The amended answer presented a valid defense.   In Western Union Telegraph Co. v. Lee, 174 Ky. 210, 192 S. W. 70, Ann. Cas. 1918 C, 1026, it was held that by the act of Congress approved June 18, 1910, Congress took possession of the entire field of interstate commerce by telegraph, thereby superseding state laws upon the subject, and hence the states were without authority to regulate the telegraph business of an interstate character in any manner. Fur-

thermore that telegraph companies may classify messages into day and night, repeated and unrepeated, and such other classes as are just and reasonable and may charge different rates for the different classes, and may by contract limit their liability for negligence in failing to deliver an unrepeated interstate message. The amended pleading contained defenses such as the above. Though sent from Lebanon, Ky. to Mayfield, Ky., the message in the Lee case was held to be an interstate message because it had been relayed through Nashville, Tenn. The same is true of the telegram to appellee; its transmission was not wholly through the state of Kentucky; it too had to be relayed through Nashville. Being an interstate message appellant was entitled to plead the matters set up in the amended answer.

Civil Code, section 134, provides that the court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading to be amended by the correction of mistakes, or by the insertion of other allegations material to the case. As a general proposition the action of the trial court in rejecting amendments will be approved, but where, as in the present case, it appears there has been a manifest abuse of its discretion in this regard we feel it our duty to correct same. A few illustrative cases will suffice.

In Filbin's Admr. v. C. O. & S. W. R. R. Co., 91 Ky. 444, 16 S. W. 92, the action of the lower court in permitting an amended answer to be filed was sustained. There it appeared that a denial had been omitted from the answer by oversight, but it was permitted to be filed after the court had ordered a trial of the case.

In L. P. Hyman & Co. v. H. H. Snyder Co., 159 Ky. 354, 167 S. W. 140, an amended answer and counterclaim tendered several months before the trial was ordered filed and the court held it could not be said that plaintiff was taken by surprise or in any way prejudiced thereby, provided the amended pleading set up a good cause of action.

Archer, et al., v. Bowling, et al., 166 Ky. 139, 179 S. W. 15, was a suit brought by decedent's widow for damages for the killing of her husband. After an appeal from a judgment in her favor had been reversed and the mandate filed, decedent's children offered, without avail, to file a pleading asking to be made parties. The failure of the trial court to permit this pleading to be filed was held to be error sufficient to necessitate a reversal.

In Mutual Life Ins. Co. of New York v. Evans, 185 Ky. 335, 214 S. W. 927, it appears that on account of a misunderstanding on the part of appellant's counsel it failed to file its answer in time and a judgment was entered for the amount claimed in the petition. Being of the opinion the lower court erred in not permitting the answer to be filed a reversal was ordered. After reciting that the courts of this state have adopted a liberal policy in the matter of filing pleadings we said:

"The ends of justice will be the better subserved by permitting parties to plead to an issue and proceed to a judgment in conformity to the facts on the merits of the case rather than let one litigant advantage at the other's expense through a genuine misunderstanding of counsel." See also Board of Education of the City of Ludlow v. Ritchie, 149 Ky. 674, 149 S. W. 985.

The facts in the instant case are not far different from those in the Evans case, *supra*. Appellant was compelled to substitute new counsel for the old and within a reasonable time after the employment of the former, and after they had had an opportunity to examine the record, they deemed it advisable to present a pleading setting up the before mentioned defenses. This pleading was tendered before the court passed upon the motion for a new trial, and we are of the opinion that the spirit, as well as the latter of the Code provision, *supra*, required that in the exercise of a reasonable discretion the lower court should have permitted said pleading to have been filed. It would not have delayed the case in any wise. Its absence from the record deprived appellant of some of its chief defenses. Without it the depositions taken by it were of no avail, indeed, the court would not permit them to be read. It will be recalled that these depositions were taken after the order had been entered reciting that the motion to file the amended pleading was sustained, and it was not until the case had been set for trial a second time that the lower court discovered the error in the original order and corrected it.

For the reasons given the judgment must be reversed with instructions to file the amended answer and for further proceedings not inconsistent herewith.