## Scholl v. Margulis.

(Decided June 8, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Negligence—Petition Alleging Injury by Storekeeper's Negligence in Maintaining Floor Held Bad as Too General and Not Alleging Customer's Want of Knowledge of Condition.—Petition. alleging that plaintiff was caused to slip and fall by defendant's gross negligence and carelessness in maintaining floor of and steps to his store in dangerous condition held bad on general demurrer, as averring negligence too general to give defendant reasonable no-

tice of negligence relied on, and not alleging that plaintiff did not know, and could not have known by exercising ordinary care, of such dangerous condition.

2. Negligence—Negligence generally may be pleaded in general terms, and any specific act of negligence proved under such pleading.

3. Pleading—Pleader Must Conform to Court's Reasonable Requirements, Failing in which Court may Decline to Allow Him to File Pleading or Amendment Thereto.—It is pleader's duty to conform to court's reasonable requirements, failing in which court may decline to allow him to file pleading or amendment thereto.

4. Pleading—Refusal to Allow Plaintiff to File Amended Petition, After Failure to File or Offer to File it for Many Weeks After General Demurrer to Petition was Sustained, Held Not Abuse of Discretion (Civil Code of Practice, Section 134).—Where plaintiff did not file nor offer to file amended petition until many weeks after general demurrer to petition was sustained, though defendant moved for judgment of dismissal several times, court did not abuse sound discretion under Civil Code of Practice, section 134 in refusing to allow amendment to be filed.

5. Appeal and Error—Pleading—Filing of amended pleading is largely in trial court's discretion, which will not be interfered with on appeal unless abused.

6. Judgment—Proceeding Will Not Bar Subsequent Action where Petition Does Not State Cause of Action.—Where petition does not state cause of action, proceeding, will not bar subsequent action, as it will not constitute res judicata.

LEO T. WOLFORD and WM. MARSHALL BULLITT and BRUCE, BULLITT, GORDON & LAURENT for appellant.

FRED FORCHT for appellee.

Opinion of the Court by Judge Sampson—Affirming.

A general demurrer was sustained to the petition of Mrs. Scholl, seeking damages against appellee, Margulis, and when she failed to amend or further plead the court dismissed her cause. Later her motion to file an amended petition was overruled, and this appeal results.

The material averments of the petition to which the general demurrer was sustained, read:

"On or about September 6, 1923, the defendant, Sam Margulis, trading as M. Margulis, operated a store at the intersection of Preston and Breckinridge streets, in the city of Louisville, Jefferson county, Kentucky, for the sale of groceries and other merchandise to the public. The plaintiff, Lida

E. Scholl, went to the said store of the defendant for the purpose of purchasing merchandise of him on September 6, 1923, at about the hour of four or five o'clock in the afternoon thereof, and was caused to slip and fall against the wall and onto boxes and down steps on account of the gross negligence and carelessness of the defendant in maintaining the said store and the floor and steps leading thereto, and on account of his maintaining the said floor and steps in a dangerous condition with gross negligence and carelessness.''

Appellee insists that in a tort action against a storekeeper, the allegations of negligence must be sufficiently specific as to put the defendant upon notice of the alleged acts of negligence and the petition must allege the breach of a duty owing by the storekeeper to the invitee. In further argument it is said that the petition was subject to demurrer because it did not allege that the defendant knew or by the exercise of ordinary care could have known of the defect in the premises of which the plaintiff complains, and that the plaintiff exercising ordinary care for her own safety did not know of such defect. The averments of the petition with respect to negligence are entirely too general to give the defendant, now appellee, reasonable notice of the claim of the plaintiff with respect to the negligence which caused or brought about her injury, and the petition did not for that reason state a cause of action. Neither did it allege that the plaintiff did not know and could not have known by the exercise of ordinary care of the dangerous condition which prevailed about the store of the defendant. The trial court did not err in sustaining a general demurrer to the petition. This is true although as a general rule negligence may be pleaded in general terms, and if the petition allege negligence in general terms it will be sufficient, the averment of negligence not being a mere legal conclusion. Schmidt v. City of Newport, et al., 184 Ky. 342. And if a plaintiff allege negligence in general terms he may prove and recover for any specific act of negligence which the evidence warrants. Hart v. Roth, 186 Ky. 535.

Appellant next insists that the court erred in holding that it had lost power to set aside the order dismissing the petition and to allow appellant to file an amended petition. The petition was filed on September 5, 1924,

and summons executed on Setember 10th. On the 18th day of October the action was set at rules by the plaintiff. Then came defendant and filed general demurrer to the petition. The petition was submitted on demurrer, October 18th. On the last day of November the demurrer was sustained to the petition. On the 21st day of November this order appears:

"This case was set at rules by the plaintiff on the 17th inst."

As of the 10th of January, 1925, this order appears:

"This action was set at rules by the plaintiff on January 25th, 1925.

"Came the plaintiff by counsel, and in writing filed, moved the court to set aside the order of November 1, 1924, in which a demurrer to the petition was sustained."

This motion was submitted. On January 24th, 1925, we find this order:

"The court being advised, it is ordered that the plaintiff's motion to set aside the order of November 1, 1924, sustaining the demurrer to the petition be, and it is overruled, to which the plaintiff excepts."

Among the orders of January 31, 1925, is this one:

"Came the plaintiff by counsel and moved the court for a judgment herein."

This motion was submitted.

The orders of February 7th contain the following:

"This action was set at rules by the defendant and the 2nd inst."

The orders of February 14th contain the following:

"The court being sufficiently advised, it is ordered that the petition herein be, and the same is hereby dismissed."

The defendant was adjudged his cost and awarded an execution. Two months later, on April 14th, the following appears among the orders:

"Came the plaintiff by counsel, and in writing filed, moved the court for an order setting aside the

order entered February 14, 1925, dismissing the petition herein, and further moves the court for an order filing her amended petition tendered herewith, to all of which defendants objects."

On the 14th of April plaintiff tendered an amended petition. On the 22nd day of May the court heard the motion to file an amended petition tendered on April 14th, and the cause was submitted on the motion. On June 6th the court delivered a written opinion, and entered an order overruling the motion to set aside the order of November 14, 1925, and dismissing the petition, and also overruled plaintiff's motion to file the amended petition. In the course of the written opinion it is said:

"The dismissal of the petition on February 14, after demurrer sustained, was a final order. Com. v. Peters, 4 Bush 403.

"Sec. 1020, sub. 21, provides that circuit courts shall have control over judgments for sixty days. The motion to set aside the judgment of dismissal and to file the amended petition was made on the sixtieth day, including that of the entry. But the court's control over the final judgment expired that day. The motion to set aside did not extend the period of control. Turner v. Johnson, 18 Ky. L. R. 202; Williams v. Williams, 107 Ky. 496."

By section 134 of the Civil Code, it is provided that the court may at any time in the furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended. The same section provides that if a proceeding taken by a party fail to conform in any respect to the provisions of the Code, the court may permit an amendment of such proceeding.

It is the duty of a party in pleading to conform to the reasonable requirements of the court, and if he fails to do so the court may decline to allow him to file a pleading or an amendment to a pleading. In the instant case the general demurrer was sustained to the petition but no amendment was filed or offered to be filed until many weeks thereafter, although the defendant had moved for judgment dismissing the petition on more than one occasion. The delay of plaintiff in filing or offering to file her amended petition was unreasonable in view of the facts and circumstances. She should have

offered her amended petition within a reasonable time after the general demurrer to the petition was sustained. Had she done so the trial court would have allowed her to file it, but failing in this the trial court did not abuse a sound discretion in refusing to allow her to file the amendment when it was offered. We have uniformly held that the filing of amendment to pleadings is a matter largely in the discretion of the trial court and that discretion will not be interfered with upon appeal unless it has been abused. First State Bank of Monterey v. Vories, By, etc., 195 Ky. 96; North Jellico Coal Company v. Helton, 187 Ky. 394; Western Union Company v. Charles C. Brent & Brother, 191 Ky. 503.

As the petition did not state a cause of action this proceeding will not be a bar to a subsequent action, as it will not constitute a *res judicata*. Coleman-Clark Grocery Co. v. Covington Bros. Co., 186 Ky. 736.

Judgment affirmed.