## SWARTZ v. SWARTZ.

### No. 11484.

Court of Civil Appeals of Texas. Dallas.

Nov. 17, 1934.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for appellant.

Walter R. Fly, of Dallas, for appellee.

LOONEY, Justice.

This is an action for divorce, instituted July 15, 1932, by Arthur L. Swartz against his wife, Mary J. Swartz, a resident of the state of California. The divorce is sought on grounds of cruel treatment, the allegations being of a very general nature. Personal service of process is not shown, but it seems that, on September 12, 1932, an answer was filed on behalf of Mrs. Swartz, by W. L. Johnson, an attorney of the city of Dallas. On November 28, 1932, the case was heard ex parte and a decree granted. On December 7, 1932, through another attorney, defendant moved for a new trial; the motion being overruled, this appeal ensued.

Appellant contends that the court erred in denying her a new trial, in that, she was not represented by counsel at the trial, although reasonable diligence had been exercised to have the suit defended; hence, without fault, she was deprived of her day in court.

Appellee counters with the proposition that the absence of appellant from the hearing, after answering, was in legal effect the withdrawal of all opposition to appellee's right to a divorce, constituted a waiver of all errors in pleading and proof, and impliedly confessed judgment in his favor.

The salient facts bearing upon this issue are these: Learning of the pendency of the suit, although not served with process, appellant employed local counsel in San Francisco, Mr. Charles McLaughlin, who solicited the services of Joseph R. McKnew, of Dallas, to represent appellant, who, not being able to give personal attention to the suit, suggested that a Mr. Johnson be employed, and this being arranged by wire, Mr. Johnson filed an answer, September 12, 1932. Not hearing from either McKnew or Johnson, local counsel wrote McKnew October 24, 1932, inquiring as to the status of the case; receiving no reply, wrote Johnson on November 2d, but failing to hear from either, local counsel addressed a communication of inquiry to the district clerk of Dallas county, and again, on November 7th, wrote both McKnew and Johnson, requesting information, but receiving none, again wrote the district clerk, whose reply was received November 28th, stating that the case had been tried and the divorce granted; thereupon, defendant filed her motion for a new trial, which was overruled, as above stated.

From the above statement, we think it obvious that appellant, through no fault or neglect on her part, was deprived of the privilege of defending the suit. She exercised due diligence by employing an attorney in the first instance, who, though filing an answer, abandoned the case, failed to answer inquiries, or

in any manner to communicate with his client or her local counsel in regard to the case. Of necessity, appellant had to rely upon her attorney at the seat of the controversy, who, for reasons not disclosed by the record, failed utterly to give attention to the business undertaken.

The general rule is that, before being adjudged to suffer, either in person or property, a litigant is entitled to his day in court. His right to appear and be represented, by counsel of his own choosing, is valuable, and its unwarranted denial is reversible error. Western Union Tel. Co. v. Chas. C. Brent & Bro., 191 Ky. 503, 230 S. W. 921; Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546; Metts v. Waits (Tex. Civ. App.) 286 S. W. 923.

Appellee invokes the doctrine applicable where an effort is made to set aside a judgment nil dicit. This rule has no application here, as default or nil dicit judgments are unknown to divorce proceedings. A divorce is granted only after hearing full and satisfactory evidence, establishing the essential facts, and this without regard to the answer of the defendant, or whether an answer is filed or not. The controlling statute is article 4632, R. S. 1925, reading: " * * * In all such suits the defendant shall not be compelled to answer upon oath nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. * * * " In Bostwick v. Bostwick, 73 Tex. 182–187, 11 S. W. 178, 180, defendant was served but had not answered when the trial was had and a decree granted, but on the same day appeared, answered, and filed a motion to set aside the decree. Speaking for the Supreme Court, Judge Henry said that: "Defendants in divorce suits, however, are not precluded from defending by their failure to plead, and consequently have the same right to rely upon the observance of the rules and statutes governing proceedings in courts that other litigants have. We think, too, that the policy of the law that excepts divorce suits from some of the rules governing other proceedings may properly be regarded in other particulars." And in Hartman v. Hartman, 190 S. W. 846, Judge Key, speaking for the Austin Court of Civil Appeals, used the following pertinent language: "The rules of pleading which apply in other cases do not apply to a defendant in a divorce case in this state, and although he may not answer at all, it is the duty of the court to hear any testimony which would show that the plaintiff is not entitled to a divorce."

So, we conclude that on the equitable ground urged, appellant's motion for a new trial should have been sustained.

■ However, there is another and, in our opinion, a fundamental reason requiring reversal, i. e., the legal insufficiency of appellee's petition for divorce. The gravamen of appellee's charge is that, soon after the marriage, appellant began a course of unkind, harsh, cruel, and tyrannical conduct and treatment of plaintiff, often abusing and applying to him the vilest and most opprobrious epithets, falsely accusing him of adultery and association with other women, which course of conduct continued until he was abandoned by appellant, thus subjecting appellee to extreme cruelty, causing him grievous mental and physical suffering, and rendering their further living together insupportable.

These general charges are but conclusions and glittering generalities, unsupported by a single date, specific fact, or circumstance, and in our opinion are insufficient. The doctrine that controls such a situation was announced by our Supreme Court in the early case of Wright v. Wright, 3 Tex. 181, 182, as follows: "The authorities are uniform in requiring, that in suits brought for divorce on the grounds of adultery or cruelty, the acts of adultery or cruelty must be specifically stated. * * * The allegations of the petition tested by the provisions of the statute and the rules of pleading, particularly in controversies of this character, are vicious from the want of specification of facts constituting the offenses, or even averments of a course of misconduct, from which the class of facts relied upon might be inferred. The terms of the statute 'excesses,' cruel treatment and outrages, are conclusions from facts—or are rather compound questions of law and facts; the constituent acts and circumstances of which should be set forth, that the court may judge whether in legal contemplation they are within the description of the offenses that are by statute good grounds for divorce. The defendant is entitled to have the judgment of the court, whether the facts charged in the petition constitute offenses in law, before he can be compelled to proceed to trial on these facts. This right would be totally unavailing if a general charge, without further specifications be sufficient to admit evidence of particular facts to substantiate the charge." This rule has been consistently followed. See Jones v. Jones (Tex. Civ. App.) 41 S. W. 413; Fitzgerald v. Fitzgerald (Tex. Civ. App.)

168 S. W. 452; Rowden v. Rowden (Tex. Civ. App.) 212 S. W. 302; Snyder v. Snyder (Tex. Civ. App.) 279 S. W. 897; Stephens v. Stephens (Tex. Civ. App.) 281 S. W. 1096; McAlister v. McAlister, 71 Tex. 695, 10 S. W. 294.

For reasons indicated above, the judgment of the lower court is reversed and the cause remanded for further proceedings.

Reversed and remanded.